## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAMELA J. TIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-0092-F |
| | ) | |
| EXPRESS SERVICES, INC., | ) | |
| OKLAHOMA TEMPORARY | ) | |
| SERVICE, INC., and | ) | |
| MARSHALL D. LEE, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the court is Defendants' Motion to Dismiss, filed February 2, 2006 (doc. no. 7).  Upon review of all of the parties' submissions in regard to defendants' motion, the court makes its determination.

Plaintiff initially filed this action in state court on December 27, 2005.  An amended petition was filed on January 23, 2006.  Three days later, on January 26, 2006, defendants filed a notice of removal, removing the action to this court  pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.  In the amended petition, plaintiff alleges the following claims against defendants, Express Services, Inc. ("Express") and Oklahoma Temporary Service, Inc. ("OTS"): (1) wrongful termination to avoid payment of commissions earned and to be earned; (2) sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et  seq.*, and the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101, *et seq.*, (3) retaliation in violation of Title VII and the OADA; (4) intentional infliction of emotional distress; (5) breach of contract; and (6) failure to pay commissions and wages in violation of 40 O.S. § 165.1, *et seq.*  Plaintiff alleges the following claims against defendant, Marshall D. Lee ("Lee"): (1) wrongful termination to avoid payment of commissions earned and to be earned and (2) intentional infliction of emotional distress.

In their motion, defendants seek to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's wrongful termination claim on the grounds that plaintiff has failed to allege facts sufficient to support an Oklahoma public policy wrongful termination claim and that defendants Express and Lee were not plaintiff's employer.  They also seek to dismiss plaintiff's intentional infliction of emotional distress claim on the basis that plaintiff's allegations fail to state a claim for relief under Oklahoma law.  Defendants Express and OTS seek to dismiss plaintiff's  sexual harassment and retaliation claims under the OADA on the grounds that plaintiff has no private right of action under the OADA for these claims. Defendant Express seeks to dismiss the sexual harassment and retaliation claims under Title VII, as well as plaintiff's unpaid wages and commissions claim on the basis that it was not plaintiff's employer.

At the outset, the court notes that, with the filing of plaintiff's response and defendants' reply, the only claims remaining for the court's Rule 12(b)(6) review are plaintiff's intentional infliction of emotional distress claim and plaintiff's wrongful termination claim.  Plaintiff, in her response, expressly concedes that she has no private right of action against defendants Express and OTS under the OADA.  Plaintiff's sexual harassment and retaliation claims under the OADA are therefore dismissed under Rule 12(b)(6).  In addition, the court finds that plaintiff has also confessed, pursuant to LCvR 7.2(f), her wrongful termination claim against defendant Lee as she fails to rebut his contention that she cannot maintain such claim because he was not her employer.  Hence, plaintiff's wrongful termination claim against defendant Lee is also dismissed under Rule 12(b)(6).  Defendant Express, in the application to file a reply brief, expressly concedes, solely for purposes of the dismissal motion, that plaintiff's allegations of dual employment by defendants Express and OTS are sufficient to withstand a motion to dismiss under Rule 12(b)(6). Consequently, the court need not address that defendant's challenges to plaintiff's sexual harassment and retaliation claims under Title VII and plaintiff's unpaid wages and commissions claims.  The court also need not address that defendant's alternative challenge

2

to plaintiff's wrongful termination claim that such claim cannot be maintained because defendant Express was not plaintiff's employer.

The court now turns to the remaining claims challenged by defendants.  As to the intentional infliction of emotional distress claim, the court concludes that dismissal under Rule 12(b)(6) is not appropriate.  The court recognizes that Oklahoma courts have concluded that employment-related fact scenarios generally do not support intentional infliction of emotional distress claims.  *See*, Gabler v. Smith, 11P.3d 1269, 1280 (Okla. Civ. App. 2000) and other authorities therein cited.  However, the court concludes that the factual basis of plaintiff's claim should be explored, particularly since the discovery relevant to the emotional distress claim will substantially overlap with the discovery relevant to the discrimination claims which remain pending in this case.   After the record has been fully developed, the court will be in a better position to determine whether this claim is in fact viable.  Therefore, the court concludes that plaintiff's intentional infliction of emotional distress claim should not be foreclosed at the pleading stage.

The court also concludes that dismissal under Rule 12(b)(6) is not appropriate as to the wrongful termination claim.  In reaching its decision, the court is guided  by Conley v. Gibson, 355 U.S. 41, 45-46 (1957), wherein the United States Supreme Court stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," and by Rule 8(a), Fed. R. Civ. P., which requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The court is also guided by the following statement of the Oklahoma Supreme Court in Burk v. K-Mart, 770 P.2d 24, 29 (Okla.  1989),

> We note that where the employee's discharge is motivated by the employer's desire to avoid payment of benefits already earned by the employee, such as future commissions based on past service as in the Hall [v. Farmers Exchange Inc., 713 P.2d 1027 (Okla. 1985)] case, the discharge has been characterized 'as a reason contrary to public purpose.'

3

and the citations by the Court in support of that statement, <u>Cort v. Bristol-Myers Co.</u>, 431 N.E.2d 908 (1982); <u>Magnan v. Anaconda Industries, Inc.</u>, 479 A.2d 781, 787-88 n. 20 (1984); Notes, Employers and Employees: A Call for Oklahoma's Adoption of the Whistle-Blower Exception to the Employment-at-Will Doctrine, 40 Okla.L.Rev. 285, 296 (1987); and <u>Sooner Broadcasting Company v. Grotkop</u>, 280 P.2d 457, 461 (Okla.1955).  At this stage of the proceedings, the court cannot say that plaintiff can prove no set of facts in support of her wrongful termination claim that would entitle her to relief.  Therefore, the court concludes that plaintiff's claim for wrongful termination survives defendants' Rule 12(b)(6) challenge.

Based upon the foregoing, Defendants' Motion to Dismiss, filed February 2, 2006 (doc.  no. 7), is **GRANTED in part** and **DENIED in part**.

The motion is **GRANTED** to the extent it seeks to dismiss plaintiff's sexual harassment and retaliation claims under the Oklahoma Anti-Discrimination Act, 25 O.S. §1101, *et seq.*, and plaintiff's wrongful termination claim against defendant, Marshall D. Lee. Those claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The motion is **DENIED** in all other respects.

Entered this 21st day of March, 2006.

_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0092p002(pub).wpd